## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **K.H., A Minor, By and Through His Parents and Next Friends Anquanete Nelms and Kentez Holcey** | § § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § § | **CIVIL ACTION NO:** |
| **Lee County School District; Milestones Behavior Group, Inc.; Nathan Benson; Angela Arnett; Lisa Harris; Dana Derissaint; Tabitha McLaney; and Rhonda Ward** | § § § § § § § § | |
| | § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § § | |

## COMPLAINT

COMES NOW Plaintiff, K.H., by and through his parents and next friends, ANQUANETE NELMS and KENTEZ HOLCEY, and files this Complaint against the above Defendants, and in support states as follows:

## JURISDICTION

This is an action at law pursuant to 42 U.S.C. §1983 in addition to claims under Alabama State Law. Accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. § 1331, § 1332, §1343(a)(3); and 28 U.S.C. §

1367.  Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in the Middle District of Alabama.

## **PARTIES**

1.  Plaintiff K.H. is a minor student residing in Opelika, Alabama who has autism and multiple other disabilities.

2.  Plaintiff's parents, Anquanete Nelms and Kentez Holcey, are K.H.'s legal guardians and bring this action on his behalf.

3.  Defendant Lee County School District is a public school system in Lee County, Alabama.

4.  Defendant Milestones Behavior Group, Inc. is a corporation organized under Alabama law and doing business in Lee County, Alabama.

5.  Defendant Nathan Benson is an adult individual residing in Alabama. At all material times, Benson was an employee of Defendant Milestones Behavioral Group, Inc. and acting in the scope of his employment.

6.  Defendant Angela Arnett is an adult individual residing in Alabama. At all material times, Arnett was employed by the Lee County School District as Director of Special Education.  She is sued in her individual capacity.

7.  Defendant Dana Derissaint is an adult individual residing in Alabama. At all material times, Derissaint was employed by the Lee County School District as a special needs teacher. She is sued in her individual capacity.

8.  Defendant Lisa Harris is an adult individual residing in Alabama. At all material times, Harris was employed by the Lee County School District as principal of Beauregard Elementary School. She is sued in her individual capacity.

9.  Defendant Tabitha McLaney is an adult individual residing in Alabama. At all material times, McLaney was employed by the Lee County School District as a special needs teacher's aide. She is sued in her individual capacity.

10. Defendant Rhonda Ward is an adult individual residing in Alabama. At all material times, Ward was employed by the Lee County School District as a special needs teacher's aide. She is sued in her individual capacity.

## **FACTS**

11. K.H. is an elementary school student who has received a diagnosis of autism and is mostly non-verbal. K.H. suffers from various developmental delays and a sensory deprivation disorder.

12. K.H. moved into the Lee County School District in 2020 and began attending Beauregard Elementary School.

13. At the time of the 2021/2022 incidents giving rise to this action, K.H. was seven years old, in the first grade, was approximately four feet tall, and weighed approximately 50 (fifty) pounds.

14. During the incidents complained of herein, K.H. was one of the only black students in his classroom.

15. According to his Individualized Education Program ("IEP") outlining his special education needs for the 2021-2022 school year, K.H.'s "needs are great." He is mostly non-verbal but is "affectionate towards his family and familiar adults, always smiling at familiar faces." He is not able to use the restroom independently, needs adult assistance to eat with a fork, is unable to dress and undress independently, is unable to communicate his toileting needs, and is unable to sit independently and safely in a chair.

16. The 2021/2022 IEP also notes that K.H. has several maladaptive behaviors stemming from his disabilities, including displaying aggression such as biting and pinching, both towards himself and others. The IEP sets forth a "behavior modification procedure" for

addressing this behavior and includes removing K.H. from his group of peers for five minutes when he exhibits maladaptive behaviors.

17. K.H.'s 2021/2022 IEP also mandates Occupational Therapy services to address sensory and fine motor delays.  Due to K.H.'s inability to sit safely and independently in a chair, the IEP provided for the monitored use of a device called a Rifton chair and lap belt to be used ***for no more than thirty minutes at a time*** at times when K.H. needed to be positioned for Occupational Therapy activities.

18. A Rifton chair is an assistive device that is used to keep students who struggle to sit up on their own in a position to participate in active learning.  The chair is equipped with lap belts that strap the student into the chair, rendering them unable to get out on their own.  The Rifton company has denounced any form of inappropriate use of their product.  The Alabama Administrative Code specifically prohibits the use of these types of mechanical restraints in schools.

19.  K.H.'s parents were led to believe by Lee County School District employees that use of the Rifton chair was a mandatory part of K.H.'s IEP.

20. K.H.'s IEP noted in several places that K.H. was never to be in the Rifton chair for more than thirty consecutive minutes.

21. On September 30, 2021, Plaintiffs Nelms and Holcey attended a Zoom meeting with individuals involved in K.H.'s education in order to discuss purported behavioral issues the educators believed K.H. had been exhibiting at school.  Present at the meeting were Defendant Dr. Lisa Harris, principal of Beauregard Elementary School; Defendant Dana Derissaint, who was K.H.'s teacher at the time; and Defendant Nathan Benson, a behavioral specialist working with K.H. during the school day and employed by Defendant Milestones Behavior Group.

22. During the course of the meeting, Defendants discussed certain behavior of K.H. that they found to be problematic, asserting that his aggression had escalated since the prior school year and that he picked certain adults to be aggressive toward.  The Defendants also complained that K.H. was engaging in self-stimulation at school and suggested that K.H. be prescribed ADHD medication.

23. Plaintiffs were surprised to hear the allegations regarding K.H.'s behavior, as he did not exhibit any such behavior at home.

24. Plaintiffs made it clear to Defendants attending the meeting that they would not give K.H. ADHD medication under any circumstances.

25. Also during the meeting, Plaintiff Holcey (K.H.'s father) expressed concern about school employees placing K.H. in the Rifton chair.

26. Defendant Derissaint assured Plaintiffs that K.H. was not in the chair very much at all and that they did not use the chair's buckle to restrain him.

27. The meeting concluded with Defendant Benson proposing an alternate strategy for addressing K.H.'s purported behavior issues and ensuring Plaintiffs that the behavior modification strategies would not be punitive in nature.

28. On or about November 2021, an unknown employee of the Lee County School District filed a report with Alabama Department of Human Resources ("DHR") alleging that K.H. was demonstrating inappropriate touching of others in the classroom and exhibiting sexualized behavior which warranted an investigation into his home life.

29. DHR thereafter commenced an investigation of K.H.'s family and home life.

30. DHR closed the case in January 2022, citing no problems with K.H.'s home life and a lack of any evidence that supported the reporter's contentions.

31. Given that K.H.'s behavior at home was not consistent with reports from his school, Plaintiffs became concerned that his school life could

be the cause of his alleged problematic behavior and requested that DHR investigate same.

32. DHR investigated K.H.'s school life as requested and concluded that K.H. was being secluded, mistreated, and neglected at school.

33. DHR reported to Plaintiffs that audio and video of K.H.'s classroom depicted multiple instances of K.H. being punished for presumed misbehavior by being strapped into the Rifton chair in excess of thirty minutes.

34. On at least one occasion, K.H. was strapped into the chair for more than ***three and a half consecutive hours*** in a room apart from his regular classroom, while he desperately tried to get out of the chair and no teacher or other staff member checked on him the entire time.

35. Upon discovery of this information from DHR, Plaintiffs immediately arranged for a parent-teacher conference and also made arrangements to view the video footage depicting the improper use of the Rifton chair.

36. On January 20, 2022, Plaintiffs met with Defendant Angela Arnett, Lee County School District's Director of Special Education, to discuss the school's overuse of the Rifton chair.

37. During the meeting, Arnett acknowledged that K.H. had been restrained in the Rifton chair for more than an hour on multiple occasions and that the incidents should never have happened.

38. Plaintiff Holcey later reviewed video footage of K.H.'s classroom depicting multiple instances of K.H. being strapped into the Rifton chair well in excess of 30 minutes throughout 2021 and into 2022, with Defendants Derissaint, Benson, Principal Harris, McLaney, and Ward either putting him into the chair or being present while K.H. remained in the chair in excess of thirty minutes.

39. K.H.'s White classmates were not strapped into the Rifton chair as punishment, as was K.H.

40. As a result of Defendants' conduct as described herein, K.H. suffered damages.

**COUNT I – VIOLATION OF FOURTEENTH AMENDMENT
SUBSTANTIVE DUE PROCESS RIGHTS (42 U.S.C. § 1983)
(Against Defendant Lee County School District and Defendants
Derissaint, Harris, Arnett, McLaney, and Ward in their individual
capacities)**

41. Plaintiffs re-allege and incorporate by reference paragraphs 1-40 as if fully set forth herein.

42. At all relevant times, Plaintiff K.H. had a clearly established constitutional right under the Fourteenth Amendment to bodily

integrity and to be free from unreasonable bodily restraint or harm while in the custody of a public school.

43. Defendants, acting under color of state law and in their capacities as employees or agents of the Lee County School District, subjected K.H. to prolonged and repeated mechanical restraints by strapping him into a Rifton chair for excessive durations, including a documented instance of more than three and a half consecutive hours.

44. Defendants' conduct was conscience-shocking and not justified by any legitimate educational or safety interest, particularly given K.H.'s age, small stature, extreme disability, and vulnerability.

45. As a direct and proximate result of these unconstitutional actions, K.H. suffered physical pain, emotional distress, and regression in his developmental and educational progress.

46. Defendants are not entitled to qualified immunity because the rights violated were clearly established at the time of the misconduct.

47. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper.

## COUNT II – VIOLATION OF THE EQUAL PROTECTION CLAUSE
### (42 U.S.C. § 1983)
### (Against Defendant Lee County School District and Defendants Derissaint, Harris, Arnett, McLaney, and Ward in their individual capacities)

48. Plaintiffs re-allege and incorporate paragraphs 1-40.

49. K.H., the only black child in his special education classroom, was treated differently from his white peers who exhibited similar behavior but were not subjected to mechanical restraint or excessive discipline.

50. Defendants engaged in intentional discrimination against K.H. on the basis of his race, depriving him of equal protection of the laws in violation of the Fourteenth Amendment.

51. As a result, K.H. suffered physical restraint, psychological harm, humiliation, and educational loss.

52. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and all other relief deemed appropriate.

## COUNT III-MONELL LIABILITY PURSUANT TO 42 U.S.C. § 1983 FOR DELIBERATE INDIFFERENCE IN HIRING, TRAINING, AND SUPERVISING
### (Against Defendant Lee County School District)

53. Plaintiffs reallege Paragraphs 1-40.

54. Lee County School District has systemically acted with deliberate indifference and in violation of 42 U.S.C. § 1983 in its hiring, training,

and supervision of employees dealing with special needs students like K.H. This includes a failure to properly screen direct and contract personnel, a failure to adequately train personnel regarding proper use of a Rifton chair, and a failure to supervise employees to ensure that K.H. was not left sitting in a Rifton chair for hours on end.

55. As a direct and proximate result of Lee County School District's deliberate indifference in hiring, training, and supervising, K.H. was caused to suffer physical injury, severe emotional distress, embarrassment, humiliation, anxiety, and concern.

56. Plaintiffs seek all damages available under 42 U.S.C. § 1983, including but not limited to damages, attorney's fees, costs.

### COUNT IV-NEGLIGENCE
**(Against Defendants Derissaint, Harris, McLaney, and Ward in their individual capacities)**

57. Plaintiffs reallege Paragraphs 1-40.

58. Defendants owed a duty of care to K.H. to provide a safe and appropriate educational environment.

59. Defendants breached that duty by allowing and/or participating in the use of prolonged mechanical restraints and neglecting supervision.

60. Defendants' prolonged use of the Rifton chair was a violation of policy.

61. Defendants acted willfully, and/or maliciously, and/or fraudulently and/or beyond the scope of authority and/or a mistaken interpretation of the law when they engaged in prolonged use of the Rifton chair.

62. Defendants do not have immunity from civil liability in their individual capacity.  As the Alabama Supreme Court has routinely held:

> "'Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity
>
> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>
> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.' "

*Ex parte Butts,* 775 So.2d at 177–78 (quoting *Ex parte Cranman,* 792 So.2d 392, 405 (Ala.2000)).

63. As a proximate result of Defendants' negligence, K.H. suffered physical injury, emotional trauma, and educational harm.

64. WHEREFORE, Plaintiffs demand compensatory damages and all other relief deemed proper.

## COUNT IV-WANTONNESS
### (Against Defendants Derissaint, Benson, Harris, McLaney, and Ward in their individual capacities)

65. Plaintiffs realleged Paragraphs 1-40.

66. Defendants acted with reckless disregard for the safety and well-being of K.H. by strapping him into a mechanical restraint for hours and for failing to monitor his condition.

67. Such conduct exceeds mere negligence and constitutes wanton behavior under Alabama law.

68. WHEREFORE, Plaintiffs demand compensatory and punitive damages.

## COUNT V-FALSE IMPRISONMENT
### (Against Defendants Derissaint, Benson, Harris, McLaney, and Ward in their individual capacities)

69. Plaintiffs realleged Paragraphs 1-40.

70. Defendants unlawfully confined and restrained K.H. by strapping him into a Rifton chair for prolonged periods without justification or parental consent.

71. K.H. was nonverbal and unable to remove himself, and the restraint was not authorized by his IEP or by law.

72. This confinement was intentional, without lawful justification, and caused significant harm.

73. WHEREFORE, Plaintiffs seek compensatory and punitive damages.

## COUNT VI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE
### (Against Defendants Derissaint, Benson, Harris, McLaney, and Ward in their individual capacities)

74. Plaintiffs realleged Paragraphs 1-40.

75. Defendants' conduct—including prolonged mechanical restraint, isolation, and ignoring distress signals from a severely disabled child— was extreme and outrageous.

76. Defendants either intended to cause emotional distress or acted with reckless disregard of the high probability that their conduct would do so.

77. As a result, K.H. has suffered severe emotional distress and psychological trauma.

78. WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages.

## COUNT VII-NEGLIGENCE
### (Against Defendant Arnett in her individual capacity)

79. Plaintiffs reallege Paragraphs 1-40.

80. Arnett acted willfully, and/or maliciously, and/or fraudulently and/or beyond her scope of authority and/or a mistaken interpretation of the law by

    a.    failing to ensure that special education employees were not overusing the Rifton chair or using the Rifton chair as a punishment; and

    b.    failing to monitor the classrooms of non-verbal students, including K.H.'s classroom.

81. Arnett does not have immunity from civil liability in her individual capacity. As the Alabama Supreme Court has routinely held:

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity

    (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

    (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.' "

*Ex parte Butts,* 775 So.2d at 177–78 (quoting *Ex parte Cranman,* 792 So.2d 392, 405 (Ala.2000)).

82. As a result of Arnett's negligence, K.H. has suffered severe emotional distress and psychological trauma.

83.  WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages.

## COUNT VIII: NEGLIGENT TRAINING, RETENTION, AND SUPERVISION
### (Against Defendant Arnett in her individual capacity)

84.  Plaintiffs realleged Paragraphs 1-40.

85.  Defendant Arnett, as Director of Special Education for the Lee County School District, owed a duty to all special needs students, including K.H., to properly train, retain, and supervise all special education personnel.

86.  Defendant Arnett negligently, recklessly and/or wantonly breached her duty by

   a.  failure to hire adequate personnel for K.H.'s classroom; and

   b.  failure to properly train and supervise Defendants Derissaint, McLaney, and Ward.

   c.  As a direct and proximate result of Defendant's negligence, K.H. was caused to suffer severe pain, mental anguish, pain and suffering, and permanent injuries.

   d.  Plaintiffs seek compensatory damages, punitive damages, costs, and any other relief available jointly and severally under Alabama law.

## COUNT IX:    NEGLIGENCE/WANTONNESS
### (Against Defendants Benson and Milestones Behavior Group, Inc.)

87.  Plaintiffs reallege Paragraphs 1-40.

88.  At all times relevant hereto, Benson was acting within the line and scope of his employment and Milestones is vicariously liable for his negligent and/or wanton acts.

89.  Benson and Milestones Behavior Group, Inc. ("Milestone") acted negligently and/or wantonly, either by placing K.H. in the Rifton chair as a punishment or allowing him to remain in same as a punishment, in violation of policy and his IEP.

90.  As a proximate cause of the negligence/wantonness of Benson and Milestones, K.H. was caused to suffer severe pain, mental anguish, pain and suffering, and permanent injuries.

91.  Plaintiffs seek compensatory damages, punitive damages, costs, and any other relief jointly and severally available under Alabama law.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiffs request that this Court provide the following relief:

a.  Declare the Defendants' conduct to be in violation of K.H.'s rights under federal and Alabama law;

b. Award K.H. compensatory damages in an amount that will fully compensate him for the physical injuries, mental distress, anguish, and pain that he has suffered as a direct and proximate result of the statutory and common law violations set forth herein;

c. Enter a judgment against all Defendants for such punitive damages as will properly punish them for the constitutional, statutory, and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendants and others from engaging in similar conduct in the future;

d. Award Plaintiffs with prejudgment and post-judgment interest at the highest rates allowed by law;

e. Award Plaintiffs with costs, expert witness fees, and reasonable attorney's fees;

f. Award Plaintiffs such other and further relief, including equitable, that this Court deems just and proper.

## **PLAINTIFF DEMANDS A TRIAL STRUCK BY JURY.**

Respectfully submitted, this the 23rd day of May, 2025.

/s/Abbey Clarkson

Abbey Clarkson (MAS038)

**CLARKSON PENNINGTON LAW**
202 Alabama Avenue
PO Box 681643
Fort Payne, AL 35967
(256) 638.3323
abbey@theclarksonfirm.com

/s/Gregory F. Yaghmai
Gregory Yaghmai (YAG001)

**YAGHMAI LAW, LLC**
2081 Columbiana Rd.
Birmingham, AL 35216
(205) 440-1465
greg@yaglaw.net

*Attorneys for Plaintiffs*

## SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL

Lee County School District
2410 Society Hill Road
Opelika, AL 36804

Milestones Behavior Group, Inc.
2215 Summer Ridge Drive
Hoover, AL 35226

Nathan Benson
2813 Brittany Lane
Opelika, AL 36804-6187

Angela Arnett
629 Lee Road 260
Opelika, AL 36804-2565

Lisa Harris
5466 Lee Road 54
Opelika, AL 36804-4813

Dana Derissaint
3501 Birmingham Highway
Apartment 605
Opelika, AL 36801-4604

Tabitha McLaney
897 Lee Road 11
Opelika, AL 36804-0825

Rhonda Ward
2403 Ellenwood Drive
Opelika, AL 36801-2179